IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03302-PAB-STV

RODERICK WINSLOW, and
SHARNELL HENDERSON,

    Plaintiffs,

v.

OCMBC, INC. a/k/a LOANSTREAM MORTGAGE,

    Defendant.

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 59]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 59 at 33 n.16; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on September 16, 2025. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 59] is **ACCEPTED**.  It is further

**ORDERED** that Defendant's Renewed Motion to Dismiss Plaintiffs' Claims for Relief [Docket No. 43] is **GRANTED in part and DENIED in part**.  It is further

**ORDERED** that plaintiff's claims 1-5 and 7-11 of the amended complaint, Docket No. 35, are **DISMISSED**.

DATED October 23, 2025.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).